BRIGHT, Circuit Judge,
dissenting.
I concur with the majority’s decisions concerning severance and the evidentiary ruling, but I respectfully dissent as to the sentencing issue.
The sentence of 115 months in prison plus two life sentences imposed on Michael Scott by the district court represents a prime example of what may be called “gilding the lily.” It is unreasonable and excessive. For all practical purposes, the roughly 39-year mandatory minimum sentence in this case — for a defendant who is 56 at the time of sentencing — would have itself amounted to a sentence of life imprisonment. I ask what more is required. The sentence in this case is unreasonable and simply represents an effort to send a message of being tough on crime. But that’s not the purpose of a sentence.
Prior to the enactment of the Sentencing Guidelines, one of America’s great jurists, Judge Edward Devitt of the District of Minnesota, observed that “[a] short sentence will most likely accomplish the same objective. It is primarily the fact of incarceration, not the length of it, which best serves the ends of justice.” Hon. Edward J. Devitt, The Ten Commandments for the New Judge, 47 A.B.A. J. 1175, 1177 (Dec. 1961). Although the Guidelines do not reflect this principle, I believe it is still important and should apply in cases such as this.
As an appellate judge, I add another observation. The federal courts are now entering a new era of sentencing. Eric H. Holder, Jr., the United States Attorney General, has recently called for a new approach to criminal sentencing in the federal courts. The Attorney General emphasized the harsh reality that, as it stands today, “our system is in too many respects broken.” Eric Holder, Attorney General of the United States, United States Department of Justice, Remarks at the Annual Méeting of the American Bar Association’s House of Delegates (Aug. 12, 2013), available at http://wwwjustice.gov/iso/opa/ ag/speeches/2013/ag-speech-130812.html. Indeed, I agree with the Attorney General that “too many Americans go to too many prisons for far too long, and for no truly good law enforcement reason.” Id.
The clearly excessive sentence imposed in this case illustrates very graphically the broken criminal justice system in the federal courts. Here, had Scott received a *920 39-year sentence — which the parties agreed was the mandatory minimum sentence in this case — he would be in prison until he was 95 years old. Yet the district court felt the need to impose a 115-month sentence followed by two life sentences. The district court justified the sentence by emphasizing Scott’s “criminal history and the need to protect the public.” But just how much protection does the public need from a 95-year-old man-assuming Scott were to live that long? According to the National Vital Statistics Reports, at the time he was sentenced, Scott was expected to live for another 27 years, or until he is about 83 years old. See Sherry L. Murphy et al., National Center for Health Statistics, National Vital Statistics Reports, Vol. 61, No. 4, at 30 (May 8, 2013), available at http://www.cdc.gov/nchs/data/nvsr/ nvsr61/nvsr61-04.pdf. A 39-year sentence would have been more than enough to serve as a deterrent and an appropriate punishment for a series of bank robberies, during which no one fired a gun and no one was physically injured. But instead, the district court imposed a substantially unreasonable sentence that is greater than necessary to accomplish the goals of sentencing. See 18 U.S.C. § 3553(a). This sentence is not justified and is improper and I will not affirm a sentence that is obviously too harsh and imposed simply to appear tough on crime.
I would reverse and remand this case with instruction to the district court to impose a sentence no greater than a 39-year sentence.